## Commonwealth v. Bradley

*John W. Murphy* and *Solomon Freedman*, for Commonwealth.

*Paul H. McGlone* and *Lawrence D. Bilcovitch*, for defendant.

HOBAN, J., March 13, 1939.—Defendant was a truck driver employed by one Angelina Tolerico, the owner of several motor trucks engaged in hauling coal for hire. The business in which defendant's employer was engaged is subject to regulation by the Public Utility Commission under the terms of the Public Utility Law of May 28, 1937, P. L. 1053. Defendant was arrested for driving one of his employer's trucks for which no certificate of public convenience had been obtained. Defendant was brought before a justice of the peace, tried, and summarily convicted for a violation of the provisions of section 201(*b*) of the Public Utility Law, supra, from which conviction he now appeals. Section 201 of the Public Utility Law reads as follows:

"Upon the approval of the commission, evidenced by its certificate of public convenience first had and obtained, and not otherwise, it shall be lawful for any proposed public utility. . . .

"(*b*) To begin to offer, render, furnish, or supply service within this Commonwealth."

The question is whether or not defendant is guilty of an infringement of this paragraph of the Public Utility Law. In order to be guilty he must first come within the classi-

fication of a public utility. Public utility is defined in section 2 of the law as follows:

"(17) 'Public Utility' means persons or corporations now or hereafter owning or operating in this Commonwealth equipment, or facilities for. . . .

"(c) Transporting passengers or property as a common carrier. . . ."

There is no separate definition given in the act for the word "operator" as distinguished from "owner", but the general context indicates that the word is used in the sense of one not an owner who is responsible for the general operation or management of an enterprise such as a lessee, a trustee, etc. We do not believe that the word as used in the Public Utility Law has any reference to an employe or wage earner who works for a person who either owns or is charged with the management and operation of an enterprise conducted as a public utility. If the legislature meant to include employes within the definition of the words "public utility", it would have been very easy to say so, as it is noted that there are other sections of the act which refer particularly to "employes", using the word in its ordinary sense.

Since defendant is not a public utility within the meaning of the act, he cannot, therefore, be guilty of a violation of section 201 (b), and it follows that his conviction is invalid.

It might not be amiss to comment upon the fact that this is another instance of an attempt to enforce a regulatory law by arresting employes of persons or organizations for violations of the law which their employers have either demanded or encouraged. It seems distinctly unfair for the Commonwealth to proceed against wage earners, who may be forced by economic necessity to work for employers subject to regulation by various public agencies, when the real offense is that of the employer, who could very easily be prosecuted or restrained by the processes provided by the statutes from operation in violation of such laws.

Now, March 13, 1939, the appeal of defendant from summary conviction is sustained and defendant is discharged from custody, at the cost of the Commonwealth.